UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMARA DIARIA, A205-309-061,

                                   Petitioner,        DECISION AND ORDER

-vs-

                                                     17-CV-6028 (CJS)

JEFF B. SESSIONS, Attorney General of the
United States of America, et al.,

                                   Respondents.
_____

## INTRODUCTION

Amara Diaria ("Diaria" or "Petitioner"), a citizen of the Ivory Coast, after being convicted in New York State for various violent felonies including Robbery in the Second Degree, became the subject of a final order of removal, as an alien present in the United States without being admitted or paroled. Diaria, who did not appeal such order, has been in the custody of the Department of Homeland Security ("DHS") since June 24, 2016, while DHS has been attempting to obtain the travel documents required to remove him to Ivory Coast. In this action filed pursuant to 28 U.S.C. § 2241, Diaria argues that his continued detention is unreasonable and unlawful, based, *inter alia*, on the Supreme Court's decision in *Zadvydas v. I.N .S.*, 533 U.S. 678, 121 S.Ct. 2491 (2001) ("*Zadvydas*"). The Court disagrees, and denies the application for writ of habeas corpus.

## BACKGROUND

The reader is presumed to be familiar with the facts of this action. On January 12, 2017, Diaria, proceeding *pro se*, filed the subject petition [#1], which purports to assert three claims: 1) his continued detention violates "8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*," because his removal is not likely to occur in the reasonably foreseeable future; 2) for the same reasons, his continued detention violates "substantive

1

due process under the Fifth Amendment"; and 3) his continued detention "without a meaningful review of his detention in accordance with federal regulations violates his right to procedural due process under the Fifth Amendment."

On March 20, 2017, Respondents filed an Answer and Return [#5] to the Petition and a Memorandum of Law [#6]. The Memorandum of Law [#6] includes the following points: 1) Diaria's continued detention is lawful under 8 U.S.C. § 1231(a) and *Zadvydas*, since he has not shown that "there is no significant likelihood of removal in the reasonably foreseeable future"; 2) since September 26, 2016, DHS has been in regular contact with representatives of Ivory Coast regarding a request for a travel document for Diaria; 3) Ivory Coast has not indicated that it is unwilling to accept Diaria, but is attempting to verify his identity, and, in that regard, is requiring an original passport; and 4) in the meantime, Diaria has been provided with due process as required by the pertinent statutes and regulations, including 8 CFR § 241.4, involving reviews of his custody status conducted on September 29, 2016, and December 13, 2016.

On March 31, 2017, Petitioner filed a reply/traverse [#7], in which he asserts, *inter alia*, that Respondents "have presented false documents, misled the courtl alterered documents and committed fraud." This assertion, however, relates primarily to a contention that Diaria refused to sign a form (Form I-229(a)), that has little bearing on the merits. Otherwise, Petitioner relies upon the passage of time to argue that his removal is not likely in the reasonably foreseeable future.

On July 5, 2018, the Court received a telephone call from an attorney calling on Diaria's behalf, inquiring about the matter. Frankly, such call alerted the Court to the fact that this action had somehow been overlooked, and was long overdue for a decision. Since the Court was unaware of the present status of the Government's attempts to remove Diaria, the Court's staff immediately emailed the Government's attorney and requested that

the Government submit a supplemental affidavit. On July 6, 2018, Respondents filed a supplemental declaration [#11], indicating in pertinent part that the Department of Homeland Security ("DHS") has now made arrangements with Ivory Coast for Diaria's removal, and that "DHS now has travel documents allowing until September 8, 2018 for Petitioner's removal," and that "DHS has [scheduled] Petitioner's removal from the United States via [a charter flight.]" Respondents have also submitted a timeline, detailing their communications with representatives of Ivory Coast.

## DISCUSSION

Petitioner challenges his continued detention by way of habeas corpus review under 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir.2003) (quoting 28 U.S.C. § 2241(c)(3)); *see also Zadvydas v. Davis*, 533 U.S. at 687 (petition under § 2241 is the basic method for statutory and constitutional challenges to detention following order of removal).

Matters pertaining to the detention of aliens pending the completion of immigration removal proceedings and pending removal following the entry of a final order of removal are governed by two separate provisions of the INA—respectively, INA § 236, which authorizes the arrest and detention of an alien on warrant pending a decision on whether the alien is to be removed from the United States, and INA § 241 (8 U.S.C. § 1231), which authorizes detention of aliens after the issuance of a final removal order.

Diaria is confined under the latter statute, which provides authority to detain an alien once the decision on removal is made, and the removal order becomes final. In that regard, INA § 241(a) requires the Attorney General to accomplish removal within a period of ninety days (the "removal period"), commencing on the latest of the following dates:

    (i) The date the order of removal becomes administratively final.
    (ii) If the removal order is judicially reviewed and if a court orders a stay of the

removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Detention during the ninety-day removal period is mandatory. *See* INA § 241(a)(2) ("During the removal period, the Attorney General shall detain the alien."). The statute also authorizes the Attorney General to continue detention of certain criminal aliens—like Petitioner—who have been determined to be a threat to the community or a risk of flight, beyond the expiration of the ninety-day removal period. *See*, INA § 241(a)(6).[1]

In *Zadvydas*, the Supreme Court was presented with the challenge of reconciling the INA's apparent authorization of indefinite post-removal order detention with the Fifth Amendment's prohibition against depriving a person of their liberty without due process. The Court determined that INA § 241(a) authorizes detention after entry of an administratively final order of deportation or removal for a period that is "reasonably necessary" to accomplish the alien's removal from the United States. *Zadvydas*, 533 U.S. at 699–700. Recognizing the practical necessity of setting a "presumptively reasonable" time within which to secure removal, the court adopted a period of six months "for the sake of uniform administration in the federal courts ...." *Id*. at 701.

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of

---

[1] *See*, 8 U.S.C.A. § 1231(a)(6) ("An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).").

4

> course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id*.

In the instant case, Diaria is not entitled to habeas relief because he has not shown that there is no significant likelihood of his removal to Ivory Coast in the reasonably foreseeable future. To the contrary, the record indicates, first, that there is no institutional barrier to Diaria's removal, and second, that arrangements have now been made to effect Diaria's removal prior to September 8, 2018.

In sum, Diaria has not met his initial burden under *Zadvyas*. However, even assuming, *arguendo*, that Diaria had met his initial burden under *Zadvydas*, the Court would nevertheless find that Respondents have met their burden on rebuttal. In short, the evidence does not establish that there is no significant likelihood of removal in the reasonably foreseeable future. For these same reasons, Diaria also has not shown that he is being denied substantive due process.

As for the remaining aspect of Diaria's petition, it is notable that his traverse/reply [#7] does not challenge the assertions in Respondent's Answer and Return [#5] concerning periodic custody reviews that have been performed. Accordingly, the Court finds that such claims lack merit.

CONCLUSION

Diaria's petition is denied, and this action is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second

5

Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated: Rochester, New York
      July 16, 2018               ENTER:

                                  /s/ Charles J. Siragusa
                                  CHARLES J. SIRAGUSA
                                  United States District Judge